UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MALIK HODGE<br>710 12th STREET, NE<br>WASHINGTON, D.C. 20002<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES<br>1200 EAST ALGONQUIN ROAD<br>ELK GROVE TOWNSHIP, IL 60007<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No.:<br>)<br>)<br>)<br>)<br>)<br>)    Jury Trial Demand<br>)<br>) |

### Complaint

Comes now Plaintiff Malik Hodge, by and through his attorneys, and sues United Airlines and for his complaint states as follows.

This action seeks declaratory, injunctive and equitable relief, and compensatory and punitive damages for disparate treatment suffered by Hodge in his position with United Airlines.

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 in that the subject matter arises under the laws of the United States, 42 U.S. C. § 2000e et seq. (Title VII).

### Venue

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Hodge's claims occurred in this judicial district and Defendant may be found in this judicial district.

### Parties

3. Malik Hodge is a citizen of the United States and a resident of the District of Columbia. At all pertinent times, Defendant employed Hodge as a flight attendant with United Airlines.

4. Defendant United Airlines is and at all times hereto a corporation engaged in the business of passenger airline travel with its headquarters in Illinois.

### Factual Allegations

5. Plaintiff Hodge, an African American male, began employment with United Airlines on February 26, 1995. Mr. Hodge held the position of flight attendant until his unlawful termination on March 10, 2005. Mr. Hodge was assigned to international flights from San Francisco to Hong Kong.

6. During the last three years of his employment, Mr. Hodge was subjected to harassment based on his race and ethnic appearance. On or around May 21, 2002, Domicile Manager Steve Pais, a Caucasian male, complained that Mr. Hodges' hair, dreadlocks, did not meet company regulations. Mr. Hodge responded that his hair met the company guidelines in that his "locks" were "tamed" and in a "uniform series of twists" not extended past the top of his collar. Mr. Hodge attempted to accommodate Mr. Pais' concerns and began to wear cornrows that also complied with company hair guidelines.

7. On March 26, 2002, Wendy Cheung, In-Flight Supervisor, expressed concern over Mr. Hodge's hair because she claimed that it was falling in his face. Mr. Hodge responded that he would control his hair with a hair pin and Cheung indicated that she had no further problem with it. Pais later informed Mr. Hodge that his hairstyle was intended for females. On April 6, 2002, Hsu informed Mr. Hodge that management had approved his wearing of a headband to keep his hair off his face. Despite his attempts to please management, Mr. Hodge was subjected to further harassment regarding his hair by In-Flight Supervisors and Mr. Pais.

8. On July 17, 2004, Mr. Hodge, arrived for work 35 minutes before check-in time and reported to Mr. Pais as Pais had instructed. Pais removed Mr. Hodge from a flight schedule because of his hair, which was in a style which complied with United's regulations. To avoid creating an issue, Mr. Hodge offered to wear an Afro wig. Pais did not return Mr. Hodge to schedule, even after Mr. Hodge wore a short Afro wig in compliance with hair guidelines and was in uniform prior to check-in time. Pais prematurely removed Mr. Hodge from schedule and did not afford him an opportunity to meet Pais' arbitrary compliance standards even though Mr. Hodge had sufficient time to do so. Pais later approved the Afro wig in July 2004 after the length of the hair on the wig was cut.

9. In March 2003, Mr. Hodge, while on duty in Chicago and because of extremely cold weather, put on an ear wrap after all passengers left the aircraft, before exiting the aircraft. The ear wrap contained the letters "N" and "Y" to represent the New York Yankees baseball team. Gate Agent Carol O'Shea, a Caucasian female, filed a complaint against Mr. Hodge in an email to her supervisor, Carol Bertacchi. She

requested "help" in the matter and inaccurately identified Mr. Hodge's NY ear wrap as apparel with an affiliation with Louis Farrakhan and the Nation of Islam.

10. On October 20, 2004, Mr. Hodge sustained injuries from an automobile accident in the District of Columbia. Mr. Hodge began receiving physical therapy for his injuries on or near October 29, 2004 and notified his employer of his need for medical care. Mr. Hodge continued to receive therapy for the next two months.

11. Mr. Hodge returned to work for Defendant in December 2004, despite his injuries and ongoing treatment. Mr. Hodge's return to work required that he decrease his physical therapy. As a result, he suffered a recurrence of the injury to his back, which left him in a debilitating state on December 23, 2004. As a result of his injuries, Mr. Hodge's physicians restricted him from work activities, beginning December 23, 2004.

12. While Mr. Hodge was out of work with the injury and awaiting treatment on his back, Ann Hsu, In-Flight supervisor, sent an email message on January 6, 2005 to Mr. Hodge, indicating that she had made several unsuccessful attempts to reach him and instructing Mr. Hodge to provide medical documentation for his absence from work before 5:00 p.m. on Friday, January 7, 2005. This email was followed by a second email from Hsu, dated January 18, 2005, instructing Mr. Hodge to provide extensive medical documentation on physician's letterhead and signed by his treating physician. Due to his injuries and medical treatment, Mr. Hodge was unable to check his email on a regular basis. Defendant thereafter solicited, without Mr. Hodge's permission, confidential medical information from his physician.

13. While out on leave, Mr. Hodge inquired at the Flight Attendant Service Center if he needed to leave a contact number and was told it was unnecessary. Although

4

Hsu claims that she made several attempts to reach Mr. Hodge by telephone during his leave, Hsu's attempted calls were made to Mr. Hodge's residence in Hong Kong, while Mr. Hodge was in Washington, D.C. Mr. Hodge first became aware that Ms. Hsu was attempting to reach him on or about January 11, 2005 when he was notified by his father in New York that a FedEx package had arrived from the Defendant containing a Letter of Charge. After retrieving the package, Mr. Hodge faxed the requested medical documents to company management on January 12 and 18, 2005. In February 2005, Mr. Hodge filed an internal complaint a discrimination against United Airlines.

14.     On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee.

### Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e-2(a)
### Race Discrimination and Retaliation

Hodge adopts by reference each of the allegations in Paragraphs one through fourteen above.

15.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any

5

individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment because of such individual's color, religion, sex, age, or national origin or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, or national origin. Title VII also prohibits retaliation because an employee protests discriminatory treatment.

15.   At all pertinent times, Defendant was an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

16.   At all pertinent times, Hodge was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

17.   Defendant and through its agents knowingly and intentionally engaged in unlawful discrimination and retaliation based on Hodge's race by subjecting Hodge to disparate treatment and a hostile work environment, including but not limited to subjecting Mr. Hodge to a harassment and a hostile work environment based on his race as detailed above, issuing Mr. Hodge unwarranted discipline, and terminating his employment after he filed a complaint of discrimination. On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United Airlines, a similarly situated Caucasian male employee was absent from work without leave. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process

6

afforded the Caucasian employee. The treatment to which Hodge was subjected was embarrassing, intimidating, oppressive, hostile, and offensive, which interfered with his emotional well being.

18. The conduct of the Defendant, by and through the conduct of its agents, deprived Plaintiff Hodge of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

19. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff Hodge has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience mental anguish, loss of enjoyment of life, and other nonpecuinary losses.

Wherefore, Plaintiff prays that the Court will:

A. Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

B. Enjoin Defendant from unlawful discriminatory practices against employees based on gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

C. Grant Plaintiff judgment for back pay and front pay and/or reinstatement, compensatory and punitive damages against Defendant.

D. Grant Plaintiff his costs and a reasonable award of attorneys fees.

## Count II

### Violation of the Family and Medical Leave Act of 1990

Hodge realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

20.  The Family and Medical Leave Act ("FMLA"), 29 C.F.R. 825 et seq., requires all employers of twenty or more employees to provide up to twelve weeks of unpaid family leave for the birth of a child, adoption or foster care, or to care for a seriously ill family member and up to twelve weeks of unpaid medical leave to recover from a serious illness rendering the employee unable to work. The leave may also be taken intermittently, in the case of a serious health condition, as defined in FMLA. FMLA further prohibits an employer from obtaining an employee's confidential medical files without the employee's permission.

21.  At all pertinent times, United Airlines was an employer subject to provisions of Family and Medical Leave Act.

22.  At all pertinent times, Hodge was an employee entitled to invoke his rights under the Family and Medical Leave Act.

23.  FMLA prohibits an employer from denying an employee his or her rights under this Act and requires leave if an employee suffers an injury and is unable to perform the functions of his position.

24.  In October 2004, Mr. Hodge reported to Defendant United a serious back injury, which required extensive treatment. Mr. Hodge submitted a request from his physician for medical leave. In December 2004, Hodge advised United that he suffered a debilitating injury and could not perform the functions of his job. In violation of FMLA, Defendant knowingly and intentionally rejected or refused to accept a request for leave for medical attention and ultimately terminated Mr. Hodge's employment. In addition, Defendant's doctor contacted Hodge's doctor without Hodge's consent to obtain

information about his medical condition. The treatment to which Mr. Hodge was subjected was not applied to any other employee.

25. Defendant at all relevant times had actual and constructive knowledge of the conduct described above.

26. Defendant had no legitimate business reason for any of such acts.

WHEREFORE, Plaintiff prays as follows:

A. That the Court enter judgment against the Defendant;

B. That the Court award to Hodge damages in an amount equal to all of his accumulated lost wages and benefits, including back pay, front pay, and benefits; compensatory damages for the financial and emotional harm caused by defendants, including prejudgment and post-judgment interest; and any other damages permitted under the FMLA;

C. Award payment of all fees, costs, and expenses, including attorney's fees and expert fees;

D. Reinstatement of Hodge to his position with the Defendant; and

E. That the Court award Hodge such other relief as to which he may be deemed entitled.

### Count III

### Wrongful Discharge

Hodge incorporates by reference Paragraphs 1 through 26 as if fully stated herein.

27. At all pertinent times, Hodge was a citizen and resident of the District of Columbia. United Airlines was a private employer and subject to the laws and public policy of the District of Columbia. At all pertinent times, Hodge was an employee

entitled to protection against termination in violation of the public policies of the District of Columbia. In the District of Columbia, court and statutory authority establish as public policy that employers are prohibited from terminating employees because of their race and because they take emergency medical leave for a serious medical condition. On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee. Plaintiff Hodge was terminated because he was injured and unable to work and was required to take emergency medical leave.

28. In addition, Hodge was employed under a labor contract, which set forth specific procedures for termination of employees. Under this procedure, United Airlines established a disciplinary and grievance process which requires notice and an opportunity to be heard on grievances before issuance of a final decision. At the time of his termination, Hodge was a permanent employee. Even though there was not lawful cause to dismiss Hodge, his job termination was summary and without proper process due him. Further, Hodge was denied an opportunity to have his grievance heard before his termination.

WHEREFORE, Plaintiff prays as follows:

A. That the Court enter judgment against the Defendant;

B.     That the Court award to Hodge damages in an amount equal to all of his accumulated lost wages and benefits, including back pay, front pay and benefits; compensatory damages for the financial and emotional harm caused by defendants, including prejudgment and post-judgment interest and any other damages permitted under the FMLA;

C.     Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.     Reinstatement of Hodge to his position with the Defendant; and

E.     That the Court award Hodge such other relief as to which he may be deemed entitled.

## Count IV

### Breach of Contract

Hodge incorporates by reference Paragraphs 1 through 28 as if fully stated herein.

29. Hodge was employed with United Airlines through an express or implied employment contract. Under this employment contract, United Airlines established a non-discrimination policy and equal treatment of employees and a disciplinary and grievance process which requires notice and an opportunity to be heard on grievances before issuance of a final decision. At the time of his termination, Hodge was a permanent employee. Even though there was not lawful cause to dismiss Hodge, his job termination was summary and without proper process due him. Further, Hodge was denied an opportunity to have his grievance heard before his termination.

30. United Airlines breached material terms of the employment contract in

terminating Hodge without proper process due him, and Hodge was denied an opportunity to have his grievance heard before his termination. Moreover, on February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee.

31. Defendant United Airlines was aware that damages would necessarily flow from the breach of the employment contract.

Wherefore, Hodge requests the Court's judgment and requests that the Court:

a. Find that United Airlines breached Hodge's employment contract, reinstate Hodge to employment in the position he held prior to his termination, and award monetary damages against Defendant;

b. Provide Hodge all lost earnings and benefits associated with his employment. Hodge demands back pay through the date of his reinstatement, restoration of all other job-related benefits and compensation for the losses thereof;

c. Award the costs of litigation, including attorneys fees, costs, and expert fees, and such other and further relief as may be appropriate and fair in the circumstances.

### Count V

### Violation of 42 U.S.C. Sec. 1981

Hodge incorporates by reference Paragraphs one through thirty-one as if fully stated herein.

32. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other."

33.    Hodge and a Caucasian colleague were employed with United Airlines through an express or implied employment contract. Under this employment contract, United Airlines established a non-discrimination policy and equal treatment of employees and a disciplinary and grievance process which requires notice and an opportunity to be heard on grievances before issuance of a final decision. On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee.

34.    Defendant United Airlines violated Mr. Hodge's rights under 42 U.S.C. § 1981 in the making and enforcing of a contract by terminating Mr. Hodge but continuing to employ a Caucasian employee who was charged with the same offense.

Wherefore, Hodge requests the Court's judgment and requests that the Court:

a.    Find that United Airlines violated Mr. Hodge's rights under § 1981, reinstate Hodge to employment in the position he held prior to his termination, and award monetary damages against Defendant;

b. Provide Hodge all lost earnings and benefits associated with his employment. Hodge demands back pay through the date of his reinstatement, restoration of all other job-related benefits, and compensation for the losses thereof;

c. Award the costs of litigation, including attorneys fees, costs, and expert fees, and such other and further relief as may be appropriate and fair in the circumstances.

Respectfully submitted,

*/s/ David A. Branch*

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all counts.

14

# CIVIL COVER SHEET

JS-44
(Rev.1 05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Malik Hodge | United Airlines |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| David A. Branch  1825 Connecticut Avenue NW, Suite 690  Washington, DC 20009  (202) 785-2805 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury  ☐ 362 Medical Malpractice  ☐ 365 Product Liability  ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act  **Social Security:**  ☐ 861 HIA ((1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g)  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)  **Other Statutes**  ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act  ☐ 893 Environmental Matters  ☐ 894 Energy Allocation Act  ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.  *(If Antitrust, then A governs)* |

| ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**  ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent, Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property  **Personal Property**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | **Bankruptcy**  ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157  **Prisoner Petitions**  ☐ 535 Death Penalty  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition  **Property Rights**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark  **Federal Tax Suits**  ☐ 870 Taxes (US plaintiff or defendant)  ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture Penalty**  ☐ 610 Agriculture  ☐ 620 Other Food & Drug  ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 630 Liquor Laws  ☐ 640 RR & Truck  ☐ 650 Airline Regs  ☐ 660 Occupational Safety Health  ☐ 690 Other  **Other Statutes**  ☐ 400 State Reapportionment  ☐ 430 Banks & Banking  ☐ 450 Commerce ICC Rates etc.  ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable Satellite TV  ☐ 810 Selective Service  ☐ 850 Securities Commodities Exchange  ☐ 875 Customer Challenge 12 USC 3410  ☐ 900 Appeal of fee determination under equal access to Justice  ☐ 950 Constitutionality of State Statutes  ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor Mgmt. Relations<br>☐ 730 Labor Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 2000e. Discrimination in employment

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   See instruction.   YES ☐   NO ☐   If yes, please complete related case form.

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.