# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MALIK HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:08-cv-00232 (CKK) |
| | ) | |
| UNITED AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, United Airlines, Inc., by and through its undersigned counsel, respectfully requests that this Court dismiss Counts I through IV of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under 12(b)(1). Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support of its Motion.

Date: July 14, 2008

Respectfully submitted,

UNITED AIRLINES, INC.

_____/s/_____
Michael A. Viccora (D.C. Bar No. 434619)
Eric J. Janson (D.C. Bar No. 974395)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400 (telephone)
(202) 828-5393 (facsimile)

Attorneys for Defendant United Airlines

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MALIK HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:08-cv-00232 (CKK) |
| | ) | |
| UNITED AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, United Airlines, Inc. ("United"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, hereby submits this memorandum of points and authorities in support of its motion to dismiss.

### SUMMARY OF THE ARGUMENT

As set forth below, Plaintiff's Amended Complaint is fatally deficient because Plaintiff has not alleged – nor could he – that he timely exhausted his administrative remedies with respect to his Title VII claims. Not only did Plaintiff neglect to file a timely administrative charge with the EEOC, but he also failed to file the instant lawsuit within ninety (90) days of receiving his Notice of Right to Sue. Plaintiff is also precluded from raising his allegations of a hostile work environment which were never raised with, nor investigated by the EEOC, and are completely unrelated to the claims set forth in his administrative charge. In addition, Plaintiff's FMLA claim is time barred because it was filed long after the expiration of the applicable two-year statute of limitations. Likewise, Plaintiff's common-law claims for wrongful termination and breach of contract are based on an alleged denial of due process rights under the collective

bargaining unit are preempted by federal law and must be dismissed.   Therefore, Counts I through IV of Plaintiff's Complaint must be dismissed with prejudice.

## BACKGROUND

On or about February 26, 1995, Plaintiff was hired by United as flight attendant.  Amend. Compl. ¶ 5.[1]  In late December 2004, Plaintiff reportedly suffered an injury to his back which allegedly left him unable to work as of December 23, 2004.  Amend. Compl. ¶ 11.  Soon thereafter, United requested medical documentation to support his absence from work.  Amend. Compl. ¶ 12.  After Plaintiff failed to comply with this request in a timely manner and the medical documentation failed to support his absence from work, Plaintiff was charged with unauthorized absence from work, invalid use of sick leave, and failure to comply with a written directive.  Amend. Compl. ¶ 13-14.  These charges were upheld after an internal hearing conducted on or about February 18, 2005 and Plaintiff was terminated on March 10, 2005. Amend. Compl. ¶ 14.

Over three-hundred and eight days (308) days later, on January 12, 2006, Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission's Chicago District Office.  Exhibit A – EEOC Charge – 210-2006-01291.  Plaintiff indicated in his Charge of Discrimination that the dates of the alleged discrimination took place between February 10, 2005 and March 10, 2005.  *Id.*  In particular, Plaintiff alleged that he was involved in a car accident that required him to take sick leave on or about December 23, 2004.  *Id.*  Soon thereafter, on or about January 3, 2005, Plaintiff was allegedly "falsely accused" by United and discharged on March 10, 2005.  *Id.*  Plaintiff also alleges that on or about February 3, 2005, he

---

[1] The facts alleged in Plaintiff's Amended Complaint are assumed to be true for purposes of this motion only.

complained to Human Resources that the charges against him were motivated by racial discrimination.  *Id.*

On May 29, 2007, the EEOC Chicago District Office issued Plaintiff a Notice of Right to Sue.  Exhibit B – Notice of Right to Sue.  This Notice of Right to Sue informed Plaintiff that he had 90 days to file a lawsuit in federal or state court.  *Id.*

On August 27, 2007, Plaintiff filed a lawsuit against United in the U.S. District Court for the District of Columbia, alleging that United terminated him on March 10, 2005 based on his race (African-American) and in retaliation for his complaint of discrimination on February 2, 2005.  *See* Civil Docket for Case No. 1:07-cv-01527 (CKK) (referred hereafter as "*Hodge I*").  Plaintiff also raised a brand new claim that he was subjected to a hostile work environment based on his "race and ethnic appearance" and details a series of discrete acts which took place between March 26, 2002 and July 2004.  Compl. ¶ 6-9, 17.  In addition, Plaintiff claimed that United violated the Family and Medical Leave Act of 1990 ("FMLA") by allegedly rejecting a request for leave for medical attention and ultimately terminating his employment.  Compl. ¶ 24.

On November 30, 2007, United filed a motion to dismiss *Hodge I* based on Plaintiff's failure to exhaust his administrative remedies with respect to his Title VII claims and because Plaintiff's FMLA claims were filed long after the expiration of the applicable two-year statute of limitations.  *See* Dkt. Rep. No. 4.  Plaintiff failed to respond to United's dispositive motion and neglected to file a motion for an extension of time.  Accordingly, this Court, citing Local Rule 7(b), treated United's Motion to Dismiss as conceded and dismissed *Hodge I* without prejudice on January 4, 2008.  *See* Dkt. Rep. No. 5 - Mem. Op. at 1 (Judge Kollar-Kotelly).  The Court also subsequently denied both Plaintiff's Motion to Vacate and Motion for Reconsideration.  *See*

Dkt. Rep. No. 9 and January 18, 2008 Minute Order.  On February 15, 2008, Plaintiff filed an appeal with the D.C. Circuit.[2]  *See* Dkt. Rep. No. 11; U.S.C.A. Case No. 08-7025.

On February 12, 2008, three days before filing an appeal in *Hodge I*, Plaintiff filed the instant lawsuit.[3]  *See* Civil Docket for Case No. 1:08-cv-00232 (CKK) (referred hereafter as "*Hodge II*").  Plaintiff again repeated his allegations of race discrimination, hostile work environment and retaliation under Title VII (Count I) and violations of FMLA (Count II) from *Hodge I*.  *See* Dkt. Rep. No. 1.  Plaintiff also added a new claim under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, alleging race discrimination and retaliation[4] based solely on his termination in March 2005 (Count V).  In addition, Plaintiff included new claims under District of Columbia common law for wrongful discharge and breach of contract, based on allegations that United violated due process rights owed to him under the "labor contract" by having been "denied an opportunity to have his grievance heard before his termination."  (Count III and IV).

## LEGAL STANDARD

A motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.

---

[2] United moved for summary affirmance on April 7, 2008 and this motion is still pending.  *See* Docket for U.S.C.A. Case No. 08-7025.

[3] As a preliminary matter, United maintains that Plaintiff's re-filing of a his lawsuit in *Hodge II*, while simultaneously pursuing an appeal of these same issues in *Hodge I*, not only unfairly requires United to expend unnecessary litigation costs, but also represents a tremendous waste of time and judicial resources.  Plaintiff simply cannot have his cake and eat it too and must instead either solely pursue his appeal of *Hodge I,* or withdraw his appeal in *Hodge I* and pursue a new lawsuit in *Hodge II*.  Plaintiff's gamesmanship is further compounded by his unreasonable and vexatious pursuit of legal claims that are patently frivolous – notably his Title VII claims which are completely time barred and his common law claims which are preempted by federal law.

[4] Plaintiff's retaliation claim under Section 1981 was added in Plaintiff's First Amended Complaint filed on June 27, 2008.  *See* Dkt. Rep. No. 8.

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  The facts alleged "must be enough to raise a right to relief above the speculative level."  *Id*. at 1965.  The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Browning*, 292 F.3d at 242.

In determining whether a complaint states a claim under Rule 12(b)(6), "the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice."  *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2003); *Kamen v. Int'l Brotherhood of Elec. Workers*, 505 F.Supp.2d 66, 71 (D.D.C. 2007); s*ee also Carter v. The Washington Post*, 2006 WL 1371677 (D.D.C. May 15, 2006) (citation omitted) (noting that the court could consider EEOC charge not attached to complaint of discrimination).

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a

Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir. 1986). When necessary, a court ruling on a Rule 12(b)(1) motion "may consider materials outside the pleadings" to determine whether it has jurisdiction over the underlying claims without converting it into a summary judgment motion. *Jerome Stevens Pharm, Inc. v. FDA*, 402 F.3d 1249, 1254 (D.C. Cir. 2005); *Carter*, 451 F.Supp.2d at 152.

## ARGUMENT

## I.    PLAINTIFF FAILED TO ALLEGE THAT HE EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

Plaintiff's Title VII claims should be dismissed due to his fundamental failure to allege that he exhausted his administrative remedies. A plaintiff must satisfy two statutory prerequisites before filing an employment discrimination complaint in federal court under Title VII: (1) they must file a timely charge with the EEOC or state agency and (2) file a complaint in federal or state court within ninety (90) days for the EEOC's issuance of a "right to sue" letter. *Jones v. Dist. of Columbia*, 273 F.Supp.2d 61, 64 (D.D.C. 2003). The failure to allege exhaustion of administrative remedies will result in the dismissal of a Title VII claim. *Id*; *Browne v. Potomac Elec. Power Co.*, 2006 WL 1825796 *2 (D.D.C. July 3, 2006). Although a complaint "does not need detailed factual allegations….[it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action with not do." *Bell Atl. Corp v. Twombly*, 127 S. Ct. at 1965. Accordingly, where a plaintiff has not asserted any factual allegations with regard to exhausting his administrative remedies, he cannot "raise his

6

claim above a speculative level," and it must be dismissed. *Id; Lutz v. United States*, 2000 WL 1954438 *4 (D.D.C. July 5, 2007).

In the instant case, Plaintiff's Amended Complaint is completely devoid of any factual allegations that would demonstrate that he exhausted his administrative remedies with respect to his Title VII claims, and for this reason alone, Count I should be dismissed. Plaintiff's failure to plead exhaustion of administrative remedies may very well be because, as demonstrated more fully below, Plaintiff did not timely file his administrative charge with the EEOC and failed to file the instant lawsuit within 90 days of receiving his right to sue.[5]

## II.     PLAINTIFF'S EEOC CHARGE WAS NOT TIMELY FILED.

Even if Plaintiff had alleged exhaustion of remedies, Plaintiff's Charge of Discrimination, attached hereto as Exhibit A, demonstrates that his race discrimination and retaliation claims should be dismissed because he failed to file this Charge within the time required by the law. *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1987). Title VII requires that a claimant exhaust his administrative remedies by filing a charge of discrimination within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998). Where a charge has been filed with a state fair employment agency, the time for filing a charge is extended to 300 days. 29 U.S.C. § 2000e-5(e)(1). However, for the 300-day limit to apply, a

---

[5]  Although the Plaintiff's Title VII claims could be dismissed without prejudice solely for failing to allege that he exhausted his administrative remedies, it would be a more efficient use of judicial resources and consistent with Rule 12(b)(6) and *Carter vs. The Washington Post* for the Court to consider and/or take judicial notice of the attached Charge of Discrimination filed by Plaintiff with the EEOC on January 12, 2006, as well as the Notice of Right to Sue issued by the EEOC on May 29, 2007, and dismiss these claims with prejudice for the reasons set forth below. The Court is also able to consider this Charge of Discrimination and Notice of Right to Sue should it view Plaintiff's failure to exhaust his administrative remedies as depriving it of subject matter jurisdiction under Rule 12(b)(1).

plaintiff must first initiate a proceeding with the state or local agency having authority to grant the desired relief. *Gardner v. Dist. Of Columbia*, 448 F.Supp.2d 70, 74 (D.D.C. 2006); *Major v. Plumbers Local No. 5, United Ass'n of Journeyman and Apprentices of the Plumbing and Pipe-Fitting Industry*, 370 F.Supp.2d 118, 126 (D.D.C. 2005). Furthermore, courts have uniformly held that the procedural requirements of Title VII must be strictly applied. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (noting that the text of Title VII "makes the act of filing a charge within the specified time period mandatory"); *Zipes v. Trans. World Airlines, Inc.,* 455 U.S. 385, 398 (1982).

According to Plaintiff's Charge of Discrimination, the latest date of discrimination reportedly took place on March 10, 2005, when Plaintiff was discharged by United. Exhibit A; *see also* Amend. Compl. ¶ 14. Therefore, Plaintiff was required to file his Charge of Discrimination with either the EEOC or an appropriate state fair employment agency within 180 days – by September 6, 2005. Even assuming *arguendo* that Plaintiff's Charge of Discrimination was cross-filed with an appropriate state fair employment agency, Plaintiff still would have been required to file his Charge of Discrimination within 300 days – by January 4, 2006. However, Plaintiff did not file his Charge of Discrimination with the Chicago District Office of the EEOC until January 12, 2006.[6] Therefore, Plaintiff's Title VII claims are time barred and should be dismissed for failure to exhaust administrative remedies.[7] *See e.g., Cristwell v. Veneman*, 224

---

[6]   Plaintiff's Charge of Discrimination appears to have been signed by Plaintiff on January 6, 2006 which is still outside the 300 day requirement.

[7]   Plaintiff's failure to exhaust his administrative remedies under Title VII also deprives the Court of subject matter jurisdiction over these claims. Therefore, United moves that the Court, in the alternative, dismiss Plaintiff's Title VII under Fed. R. Civ. Pro. 12(b)(1). *See Artis v. Greenspan*, 474 F.Supp.2d 16, 17 (D.D.C. 2007) ("failure to exhaust administrative remedies deprives a court of subject matter jurisdiction"); *see also Carter v. Washington Metro. Transit Auth.*, 451 F.Supp.2d 150, 152-53 (D.D.C. 2006); *Murphy v. PriceWaterhouseCoopers, LLP*,

F.Supp.2d (D.D.C. 2002) (dismissing Title VII claims where administrative complaint filed twelve days late).

### III.    PLAINTIFF'S TITLE VII CLAIMS ARE BARRED BY THE 90 DAY STATUTE OF LIMITATIONS.

Plaintiff's Title VII claims should also be dismissed for the independent reason that Plaintiff failed to file the instant lawsuit within 90 days of receiving his Notice of Right to Sue from the EEOC.  As noted above, one of the two statutory prerequisites for filing an employment discrimination complaint in federal court, is that the complaint be filed within ninety (90) days for the EEOC's issuance of a "Right to Sue" letter.  *See Jones,* 273 F.Supp.2d at 64.  Plaintiff was issued his Notice of Right to Sue on May 29, 2007 and required that he file his lawsuit within 90 days.  However, Plaintiff did not file the instant lawsuit until February 12, 2008, over five and half months late.  *See* Dkt. Rep. No. 1.  Therefore, Plaintiff's Title VII claims are completely time barred and must be dismissed.

Plaintiff will undoubtedly argue that his Title VII claims were timely raised in his original lawsuit, *Hodge I*, filed on August 27, 2007.  *See* Civil Docket for Case No. 1:07-cv-01527 (CKK).  However, the D.C. Circuit has made explicitly clear that "once a suit is dismissed, *even if without prejudice*, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running…so that if statute of limitations has run the dismissal is effectively with prejudice.'"  *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004)(*quoting Elmore v. Henderson*, 227 F.3d 1009, 1111 (7th Cir. 2000)); *see also Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981).  This is well-settled law not only in the D.C. Circuit, but in numerous other circuits throughout the country.  *See e.g. Quinn v. Watson*, 145

---

357 F.Supp.2d 230, 238-39 (D.D.C. 2004); *Ajuluchuku v. Oswald*, 2006 WL 325741 *1, (D.D.C. February 10, 2006).

Fed. Appx. 799, 800 (4th Cir. 2005)(dismissal without prejudice did not toll 90 day limitations period to bring Title VII lawsuit); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (same holding); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (same holding); *Benoit v. Children's Hospital of Philadelphia*, 1995 U.S. Dist. LEXIS 4056 *7 (E.D.Pa. March 31, 1995)(same holding); *Rodriguez v. Raytheon Tech. Serv. Co. LLC*, 2007 U.S. Dist. LEXIS 34473 *3 (S.D.Ind. May 9, 2007) (same holding).  As previously discussed, *Hodge I* was dismissed by the Court without prejudice on January 4, 2008.  *See* Dkt. Rep. No. 5.  Plaintiff's Title VII claims in *Hodge II* are therefore untimely and cannot be resuscitated by the fact that he filed a previous lawsuit that was dismissed without prejudice.[8]  Likewise, Plaintiff's filing of an appeal with the D.C. Circuit in *Hodge I* had no tolling effect on the applicable statute of limitations.  *See Galbreath v. U.S. Patent and Trademark Office*, 2006 U.S. LEXIS 3172 *5 (D.D.C. January 20, 2006).   Therefore, Plaintiff's Title VII claims are time barred and must be dismissed.

## IV.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM WAS NEVER RAISED WITH THE EEOC.

Plaintiff's hostile work environment claim under Title VII is not only time-barred, but also must be dismissed because Plaintiff never raised these allegations with the EEOC.  A Title VII lawsuit following an EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations."  *Jones v. Univ. of Dist. of Columbia*, 505 F.Supp.2d 78, 84 (D.D.C. 2007) (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995));  *see also Lane v. Hilbert*, 2004 WL 1071330, *1 (D.C. Cir. May 12,

---

[8] Had the Court chosen to dismiss *Hodge I* with prejudice, "any issue concerning the bar of the statute of limitations to the refilling of the suit would be rendered moot because a suit that is dismissed with prejudice cannot be refiled; the refilling is blocked by the doctrine of res judicata."  *Id.* at 672, fn. 11.

2004) (noting the breadth of a civil suit is "only as broad as [the] scope of any investigation that reasonably could have been expected to result from [the] initial charge of discrimination"). These administrative requirements serve the function of giving the accused party notice of the charges and narrowing the issues for litigation. *Park*, 71 F.3d at 907. Indeed, "the requirement of some specificity in a charge is not a 'mere technicality' and…[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process. *Id.* (internal citations omitted).

As set forth above, Plaintiff's Charge of Discrimination alleges that he was discriminated on the basis of race and retaliated against when he was discharged on March 10, 2005 after allegedly complaining to Human Resources about discrimination on or about February 3, 2005. Amend. Compl. ¶ 13. Plaintiff indicated on this Charge that the dates of discrimination allegedly took place between February 10, 2005 and March 10, 2005. *See* Exhibit A. However, for the first time in his Amended Complaint, Plaintiff raises an entirely new claim that he was subjected to a hostile work environment based on his "race and ethnic appearance" and sets forth a series of discrete acts which took place between two and three years <u>before</u> his termination. Amend. Compl. ¶ 6-9, 17. In particular, Plaintiff's Amended Complaint details four separate incidents which allegedly occurred between March 2002 and July 2004 and involved United's scrutiny over Plaintiff's hair style which did not comply with United's guidelines regarding personal appearance. *Id.* Neither this new claim of hostile work environment, nor the underlying incidents of alleged harassment, were ever mentioned in Plaintiff's EEOC charge, never investigated by the EEOC, and cannot be found to be "like or reasonably related" to the other allegations in Plaintiff's EEOC charge. Indeed, Plaintiff himself identified March 10, 2005 as the first date of any discrimination, making clear that he was not basing his charge on incidents

11

which took place between 2002-2004.  *See* Exhibit A.  In short, Plaintiff's claims of hostile work environment should be dismissed for his failure to exhaust his administrative remedies.[9]

To the extent that Plaintiff attempts to salvage these stale claims by arguing a continuing violation under *Nat'l R.R. Passenger Corp. v. Morgan*, such reasoning is completely unavailing. In evaluating whether a plaintiff may file a lawsuit concerning events that fall outside the statutory time period proscribed by Title VII, courts must determine whether the plaintiff is seeking recovery for discrete acts of discrimination, which constitute separate unlawful employment practices, or for a series of incidents of harassment or intimidation which constitute a single unlawful employment practice.  *Morgan*, 536 U.S. at 114-118, 122.  The Supreme Court in *Morgan* held that one cannot convert discrete acts of discrimination into a single unlawful employment practice in order to meet administrative requirements.  *Id*. at 111 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").  "Accordingly, plaintiffs alleging such discriminatory action must exhaust the administrative process regardless of any relationship that may exist between those discrete claims and any others." *Coleman-Adebayo v Leavitt*, 326 F.Supp.2d 132, 138 (D.D.C. 2004).  Thus, allegations of discrete discriminatory acts will be time-barred if not timely pursued.[10]

Plaintiff has raised brand new allegations of a hostile work environment which are largely made up of discrete acts and required him to file an EEOC charge well before January 2006.  Specifically, with regard to the most recent of the newly asserted allegations, Plaintiff

---

[9] *See* footnote 5 *supra*.

[10] The Supreme Court recently re-affirmed its holding in *Morgan* and the distinction between discrete acts of discrimination and hostile work environment in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2175 (2007).

claims that in March 2003, an employee allegedly filed a complaint wrongfully accusing him of wearing an offensive "ear wrap".  Amend. Compl. ¶ 9.  Plaintiff also claims that in July 2004, he was reportedly removed from his flight schedule after failing to comply with United's uniform policies.  Amend. Compl. ¶ 8.  However, similar actions have been deemed by federal courts to be "discrete acts" under *Morgan* and can not be aggregated under a continuing violation theory. *See Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 239 (2d Cir. 2007) (change in work schedule); *Schmelzer v. Alexander*, 2005 WL 723660 *3 (N.D.Tx. 2005) (change in work schedule); *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (adding "wrongful accusations" to *Morgan*'s  "non-exhaustive list of discrete acts"); *Garrett v. U.S. Dept. of Aff.*, 2007 WL 1875535 *5 (D.N.J. 2007) (wrongful accusations).  Having failed to file a timely EEOC charge after any of these discrete acts of discrimination which allegedly occurred in 2003 and 2004, Plaintiff is now precluded from attempting to piggy-back on the more narrow set of claims set forth in his January 12, 2006 EEOC Charge.[11]

## V.    PLAINTIFF'S FMLA CLAIM IS UNTIMELY AND SHOULD BE DISMISSED.

Plaintiff also failed to file his FMLA claim within the requisite statute of limitations and it must be dismissed.  Under the FMLA, an employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter."  29 U.S.C. § 2615(a)(1).  Therefore, an employer is prohibited from discriminating or taking an adverse action against an employee because the employee has taken FMLA leave.  29 C.F.R. § 825.220(c).  Employees who allege that they have been subjected to unlawful interference or

---

[11]  Of course, such an effort would be futile because the January 12, 2006 EEOC charge is untimely.

retaliation under the FMLA must file a complaint within two years of "the last event constituting

the alleged violation."  29 U.S.C. § 2617(c)(2).[12]

Plaintiff alleges that United violated the FMLA when it rejected or refused to accept a

request for leave for medical attention and ultimately terminated his employment.  Amend.

Compl. ¶ 24.  As noted above, Plaintiff alleges that he was terminated on March 10, 2005 for

unauthorized absence from work, invalid use of sick leave, and failure to comply with a written

directive.  Amend. Compl. ¶ 13-14.  Therefore, Plaintiff had to file his FMLA complaint no later

than March 13, 2007.  Plaintiff filed the instant action on August 27, 2007, over four months

beyond the requisite statute of limitations and, therefore, the Court should dismiss this untimely

claim.

## VI.    PLAINTIFF'S WRONGFUL TERMINATION AND BREACH OF CONTRACT CLAIMS ARE PREEMPTED BY FEDERAL LAW.

Plaintiff's common-law claims for wrongful termination and breach of contract alleging a

denial of due process rights under the collective bargaining agreement are preempted by federal

law and must be dismissed.[13]    Section 301 of the Labor-Management Relations Act of 1947, 29

U.S.C. § 185 ("Section 301"), in relevant part, states:

> Suits for violation of contracts between an employer and a labor organization
> representing employees in an industry affecting commerce as defined in this

---

[12]  In cases where the violation is alleged to have been "willful" that period is extended to three years.  29 U.S.C. § 2617(c)(2).  However, a claim of "willful" conduct must be specifically pled and courts have dismissed FMLA claims as time barred where the complaint reveals no express or implied allegation of "willful conduct".  *See e.g., Sampson v. Citibank*, 53 F.Supp.2d 13, (D.D.C. 1999).  Plaintiff makes no assertion that United's alleged actions were "willful."

[13] Where common law claims are preempted by federal law, the court is also deprived of subject matter jurisdiction over these claims.  Therefore, United moves that the Court, in the alternative, dismiss Plaintiff's wrongful discharge and breach of contract claims under Fed. R. Civ. Pro. 12(b)(1).  *See Abdul-Qawiy v. Nat'l R.R. Pass. Corp.*, 2005 WL 32012171 (D.D.C. October 25, 2006) (finding that court lacked subject matter jurisdiction over state law claims that were preempted by federal law).

14

chapter…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court has long held that this statute is more than jurisdictional but instead provides "substantive law to apply . . . from the policy of our national labor laws." *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 451, 456 (1957).  Because the country's labor policies are national in scope, "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules."  *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 857 (1987) (quoting *International Bhd. of Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962)).  Thus, Section 301 has broad preemptive reach, extending not only to claims arising directly out of the alleged breach of a collective bargaining agreement, but also to claims that require interpretation of the parties' intent in agreeing to a contract provision.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  "[W]hen a state law claim is substantially dependent on analysis of a collective bargaining agreement, *a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the suit as a state-law claim*." *Hechler*, 481 U.S. at 589 n.3 (emphasis added).  Thus, Supreme Court precedent makes clear that Plaintiff cannot bring these common law claims expressly alleging due process violations owed to him under the "labor contract" with United.

Indeed, Count III of the Amended Complaint for wrongful discharge alleges that Plaintiff was employed under a "labor contract" which "established a disciplinary and grievance process which requires notice and an opportunity to be heard on grievances before issuance of a final decision."  Amend. Compl. ¶ 28.  Plaintiff claims that United "terminated [him] on March 10, 2005, without the same process afforded [a] Caucasian employee" who allegedly had been "given an opportunity to address and resolve charges before proceeding to hearing."  Amend. Compl. ¶ 27.  As a result of having been "denied an opportunity to have his grievance heard

15

before his termination," Plaintiff claims that his "job determination was summary and without proper process due him..." Amend. Compl. ¶ 28.  Likewise, Plaintiff's breach of contract claim under Count IV, asserts nearly that the same allegations as in Court III, and claims that United breached material terms of his "employment contract" by terminating him "without proper process due him…and denied [him] an opportunity to have his grievance heard before his termination."  Amend. Compl. ¶ 30.  Plaintiff again alleges that a "Caucasian colleague" was "given an opportunity to address and resolve charges before proceeding to hearing" while he was not.  *Id.*

The only "employment contract" or "labor contract" upon which Plaintiff's breach of contract and wrongful termination claim could be based upon is the collective bargaining agreement.[14]  *See United Steelworkers v. Warrior & Gulf Navigation*, 363 U.S. 574, 578-579 1960) (collective bargaining agreements govern whole employment relationship); *Sokos v. Hilton Hotels Corp.* 283 F.Supp.2d 42 (D.D.C. 2003) (noting that the CBA was the only source from which plaintiff could derive any express or implied contractual rights).  Therefore, in resolving Plaintiff's allegations of wrongful discharge and breach of contract based on United's alleged denial of due process, the Court will necessarily be required to interpret and apply the terms of the CBA to determine what contractual "due process" rights have been reportedly

---

[14]  Absent a contractual obligation to provide Plaintiff these "due process" rights, Plaintiff's breach of contract and wrongful discharge claims would fail as a matter of law.  "The very concept of 'wrongful discharge' implies some sort of statutory or contractual standard that modifies the traditional common-law rule that a contract of employment is terminable by either party at will."  *See Andrews v. Louisville & N. R. Co.,* 406 U.S. 320, 324 (1972).  For this reason, and based on the explicit allegations set forth in the Amended Complaint, Plaintiff's common-law claims are necessarily based on the CBA.  Otherwise, Plaintiff's employment relationship with United would have been presumptively terminable at will and United could have terminated him for "at any time and for any reason, or for no reason at all."  *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C. 1991).  Because Plaintiff failed to articulate a recognized public policy exception to at-will employment, Plaintiff's wrongful termination claim would not be viable as a matter of law.  *See Carl v. Children's Hosp.*, 702 A.2d 159, 160 (D.C. 1997).

16

violated.   In particular, the Court would need to review and interpret the CBA's "disciplinary

and grievance process" and make a determination whether Plaintiff was afforded and denied

these contractual due process rights.  As a result, these common law claims are preempted by

Section 301 of the LMRA and must be dismissed.[15]  *See e.g. Cephas v. MVM, Inc.*, 403

F.Supp.2d. 17, 23 (D.D.C. 2005)(Judge Kollar-Kotelly)(breach of contract claim preempted

where it required interpretation of CBA); *Abdul-Qawiy*, 2005 WL 3201271 at *4 (breach of

contract claim preempted where the court would need to reference and interpret the CBA);

*Sokos*, 283 F.Supp.2d at 47 (wrongful discharge claim by Union worker preempted by LMRA).

## CONCLUSION

Based on the foregoing reasons, Defendant United Airlines respectfully requests that this

Court dismiss Counts I through IV of Plaintiff's Amended Complaint with prejudice. In addition,

Defendant respectfully requests that the Court award Defendant its attorneys' fees and costs

associated with bringing this motion.

Date:  July 14, 2008                        Respectfully submitted,

                                            UNITED AIRLINES, INC.

                                            _____/s/_____

                                            Michael A. Viccora (D.C. Bar No. 434619)
                                            Eric J. Janson (D.C. Bar No. 974395)
                                            SEYFARTH SHAW LLP
                                            815 Connecticut Avenue, N.W., Suite 500
                                            Washington, DC 20006-4004
                                            (202) 463-2400 (telephone)
                                            (202) 828-5393 (facsimile)

---

[15]  Even if Plaintiff's common-law claims were properly brought under the LMRA they would
fail as a matter of law.  First, Plaintiff has failed to demonstrate that he exhausted the grievance
and arbitration procedures under the CBA.  *See Republic Steel Corp. v. Maddox*, 379 U.S. 650,
652 (1965).  Second, any claim under the LMRA would be time barred since the applicable
statute of limitations is 180 days.  *See* 29 U.S.C. 160(b); *Dove w. Washington Metro. Area
Trans. Auth.*, 402 F.Supp.2d 91, 97 (D.D.C. 2005) (treating wrongful termination claim as a
claim for breach of the CBA and applying 180 day statute of limitations).

# TABLE OF AUTHORITIES

## CASES

*Abdul-Qawiy v. Nat'l R.R. Pass. Corp.*,
  2005 WL 32012171 (D.D.C. October 25, 2006) .......................................................14, 17

*Adams v. George W. Cochran & Co.*,
  597 A.2d 28 (D.C. 1991) ................................................................................................16

*Ajuluchuku v. Oswald*,
  2006 WL 325741 (D.D.C. February 10, 2006)..................................................................8

*Allis-Chalmers Corp. v. Lueck*,
  471 U.S. 202 (1985)........................................................................................................15

*Andrews v. Louisville & N. R. Co.*,
  406 U.S. 320 (1972)........................................................................................................16

*Artis v. Greenspan*,
  474 F.Supp.2d 16 (D.D.C. 2007) ....................................................................................8

*Bell Atl. Corp v. Twombly*,
  127 S. Ct. 1955 (2007)..............................................................................................5, 6, 7

*Benoit v. Children's Hospital of Philadelphia*,
  1995 U.S. Dist. LEXIS 4056 (E.D.Pa. March 31, 1995).................................................10

*Bowden v. U.S.*,
  106 F.3d 433 (D.C. Cir. 1987) .........................................................................................7

*Browne v. Potomac Elec. Power Co.*,
  2006 WL 1825796 (D.D.C. July 3, 2006)..........................................................................6

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) .........................................................................................5

*Carl v. Children's Hosp.*,
  702 A.2d 159 (D.C. 1997) ..............................................................................................16

*Carter v. The Washington Post*,
  2006 WL 1371677 (D.D.C. May 15, 2006)........................................................................5

*Carter v. Washington Metro. Transit Auth.*,
  451 F.Supp.2d 150 (D.D.C. 2006) ...............................................................................6, 8

*Cephas v. MVM, Inc.*,
  403 F.Supp.2d. 17 (D.D.C. 2005) ...................................................................................17

*Ciralsky v. CIA*,
  355 F.3d 661 (D.C. Cir. 2004) .........................................................................................9

*Coleman-Adebayo v Leavitt*,
326 F.Supp.2d 132 (D.D.C. 2004) .................................................................12

*Cristwell v. Veneman*, 224  F.Supp.2d (D.D.C. 2002)....................................8

*Dove w. Washington Metro. Area Trans. Auth.*,
402 F.Supp.2d 91 (D.D.C. 2005) ...................................................................17

*Dupree v. Jefferson*,
666 F.2d 606 (D.C. Cir. 1981) .........................................................................9

*Elmore v. Henderson*,
227 F.3d 1009 (7th Cir. 2000) .........................................................................9

*Empagran S.A. v. F. Hoffman-Laroche, Ltd.*,
315 F.3d 338 (D.C. Cir. 2003) .........................................................................5

*Galbreath v. U.S. Patent and Trademark Office*,
2006 U.S. LEXIS 3172 (D.D.C. January 20, 2006)........................................10

*Gardner v. Dist. Of Columbia*,
448 F.Supp.2d 70 (D.D.C. 2006) .....................................................................8

*Garrett v. U.S. Dept. of Aff.*,
2007 WL 1875535 (D.N.J. 2007) ...................................................................13

*Grand Lodge of Fraternal Order of Police v. Ashcroft*,
185 F.Supp.2d 9 (D.D.C.2001) .........................................................................6

*Hohri v. United States*,
782 F.2d 227 (D.C.Cir. 1986) ...........................................................................6

*Lutz v. United States*,
2000 WL 1954438 (D.D.C. July 5, 2007)..........................................................7

*International Bhd. of Elec. Workers v. Hechler*,
481 U.S. 851 (1987)...................................................................................15, 16

*International Bhd. of Teamsters v. Lucas Flour Co.*,
369 U.S. 95 (1962)..........................................................................................15

*Jerome Stevens Pharm, Inc. v. FDA*,
402 F.3d 1249 (D.C. Cir. 2005) ........................................................................6

*Jones v. Dist. of Columbia*,
273 F.Supp.2d 61 (D.D.C. 2003) ..................................................................6, 9

*Jones v. Univ. of Dist. of Columbia*,
505 F.Supp.2d 78 (D.D.C. 2007) ...................................................................10

*Kamen v. Int'l Brotherhood of Elec. Workers*,
505 F.Supp.2d 66 (D.D.C. 2007) .....................................................................5

*Kassner v. 2nd Ave. Deli. Inc.*,
    496 F.3d 229 (2d Cir. 2007)................................................................................13

*Lane v. Hilbert*,
    2004 WL 1071330 (D.C. Cir. May 12, 2004)................................................10

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.*,
    127 S.Ct. 2162 (2007)..................................................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)......................................................................................5

*Macharia v. United States*,
    334 F.3d 61 (D.C. Cir. 2003)........................................................................6

*Major v. Plumbers Local No. 5, United Ass'n of Journeyman and Apprentices of the
    Plumbing and Pipe-Fitting Industry*,
    370 F.Supp.2d 118 (D.D.C. 2005)................................................................8

*Minnette v. Time Warner*,
    997 F.2d 1023 (2d Cir. 1993)........................................................................10

*Murphy v. PriceWaterhouseCoopers, LLP*,
    357 F.Supp.2d 230 (D.D.C. 2004)................................................................8

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002)..................................................................................8, 12

*O'Connor v. City of Newark*,
    440 F.3d 125 (3d Cir. 2006)........................................................................13

*O'Donnell v. Vencor Inc.*,
    466 F.3d 1104 (9th Cir. 2006)......................................................................10

*Park v. Howard Univ.*,
    71 F.3d 904 (D.C. Cir. 1995).................................................................10, 11

*Quinn v. Watson*, 145 Fed. Appx. 799, 800 (4th Cir. 2005)........................................9

*Republic Steel Corp. v. Maddox*,
    379 U.S. 650 (1965)..................................................................................17

*Rodriguez v. Raytheon Tech. Serv. Co. LLC*,
    2007 U.S. Dist. LEXIS 34473 (S.D.Ind. May 9, 2007)................................10

*Sampson v. Citibank*,
    53 F.Supp.2d 13 (D.D.C. 1999)..................................................................14

*Schmelzer v. Alexander*,
    2005 WL 723660 (N.D.Tx. 2005) ................................................................13

*Sokos v. Hilton Hotels Corp.,*
   283 F.Supp.2d 42 (D.D.C. 2003) ............................................................................16, 17

*Stewart v. Nat'l Educ. Ass'n,*
   471 F.3d 169 (D.C. Cir. 2003) ....................................................................................5

*Textile Workers Union of America v. Lincoln Mills,*
   353 U.S. 448 (1957) ....................................................................................................15

*United Steelworkers v. Warrior & Gulf Navigation,*
   363 U.S. 574 ...............................................................................................................16

*Washington v. Washington Metro. Area Transit Auth.,*
   160 F.3d 750 (D.C. Cir. 1998) ....................................................................................7

*Zipes v. Trans. World Airlines, Inc.,*
   455 U.S. 385 (1982) ......................................................................................................8

## STATUTES

42 U.S.C. § 1981 ....................................................................................................................4

42 U.S.C. § 2000e-5(e)(1) ......................................................................................................7

29 C.F.R. § 825.220(c) ..........................................................................................................13

29 U.S.C. 160(b) ...................................................................................................................17

29 U.S.C. § 185(a) .................................................................................................................15

29 U.S.C. § 2000e-5(e)(1) .......................................................................................................7

29 U.S.C. § 2615(a)(1) ...........................................................................................................13

29 U.S.C. § 2617(c)(2) ...........................................................................................................14

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **210-2006-01291** |
| | | _____ and EEOC |

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) **Mr. Malik Hodge** | Home Phone No. (Incl Area Code) **(202) 882-8044** | Date of Birth. **11-02-1969** |
|---|---|---|

| Street Address **6125 1st Place N.E., Washington, DC 20011** | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **UNITED AIRLINES** | No. Employees, Members **500 or More** | Phone No. (Include Area Code) **(847) 700-5000** |
|---|---|---|

| Street Address **1305 Algonquin Road, Elk Grove, IL 60007** | City, State and ZIP Code | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-11-2005**  Latest **03-10-2005**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around February 1995. On or about October 20, 2004 I was involved in a car accident which caused me to be placed on pain medication. I called in and placed myself on the company sick list on or about December 23, 2004. On or about January 3, 2005, I was falsely accused by Respondent. Subsequently, I complained of racial discrimination regarding the charges against me to Human Resources on or about February 3, 2005. On March 10, 2005 I was discharged.

I believe I have been subjected to retaliation for complaining of discrimination and discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JAN 1 2 2006

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X-L-06<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | CERTIFIED MAIL NO: 7099-3400-0018-8813-2715 C/P | From: | Chicago District Office |
|---|---|---|---|
| | Malik Hodge | | 500 West Madison St |
| | 6125 1st Place N.E. | | Suite 2800 |
| | Washington, DC 20011 | | Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Timothy Akbar, | |
| 210-2006-01291 | Investigator | (312) 353-7222 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_John P. Rowe_ (by)                5/29/07

John P. Rowe,                    (Date Mailed)
**District Director**

cc:    **UNITED AIRLINES**