UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MALIK HODGE | ) | |
| 710 12th STREET, NE | ) | |
| WASHINGTON, D.C. 20002 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 08 cv 0232 (CKK)** |
| **v.** | ) | |
| | ) | |
| UNITED AIRLINES | ) | |
| 1200 EAST ALGONQUIN ROAD | ) | |
| ELK GROVE TOWNSHIP, IL 60007 | ) | |
| | ) | **Jury Trial Demand** |
| **Defendant.** | ) | |

---

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now Plaintiff Malik Hodge, by and through counsel, and files Plaintiff's Opposition to Defendant's Motion to Dismiss, and in support thereof states as follows.

Defendant has filed a partial motion to dismiss. Defendant claims that Mr. Hodge did not file a timely administrative charge with the EEOC, and failed to file the instant lawsuit within ninety days of receiving his Notice of Right to Sue. Further, Defendant claims that Mr. Hodge did not raise his hostile work environment claims before the EEOC. In addition, Defendant argues that Mr. Hodge's FMLA claim is barred because it was filed after the two your statute of limitations. Finally, Defendant claims that Mr. Hodge's wrongful termination and breach of contract claims are barred by the collective bargaining agreement and preempted by federal law. Because Defendants arguments are without merit, the motion to dismiss should be denied.

Background

Plaintiff Malik Hodge, an African American male, began employment with United Airlines on February 26, 1995. Amended Complaint at 5. Mr. Hodge held the position of flight attendant until his termination on March 10, 2005. Id. Mr. Hodge was assigned to international flights from San Francisco to Hong Kong. Id.

During the last three years of his employment, Mr. Hodge was subjected to harassment based on his race and ethnic appearance. Id. at 6-9.

On October 20, 2004, Mr. Hodge sustained injuries from an automobile accident in the District of Columbia. Id. at 10. Mr. Hodge began receiving physical therapy for his injuries on or near October 29, 2004 and notified his employer of his need for medical care. Mr. Hodge continued to receive therapy for the next two months. Id.

Mr. Hodge returned to work for Defendant in December 2004, despite his injuries and ongoing treatment. Id. at 11. Mr. Hodge's return to work required that he decrease his physical therapy. As a result, he suffered a recurrence of the injury to his back, which left him in a debilitating state on December 23, 2004. Id. As a result of his injuries, Mr. Hodge's physicians restricted him from work activities, beginning December 23, 2004. Id.

While Mr. Hodge was out of work with the injury and awaiting treatment on his back, Ann Hsu, In-Flight supervisor, sent an email message on January 6, 2005 to Mr. Hodge, indicating that she had made several unsuccessful attempts to reach him and instructing Mr. Hodge to provide medical documentation for his absence from work before 5:00 p.m. on Friday, January 7, 2005. Id. at 12. This email was followed by a second email from Hsu, dated January 18, 2005, instructing Mr. Hodge to provide

extensive medical documentation on physician's letterhead and signed by his treating physician. Id. Due to his injuries and medical treatment, Mr. Hodge was unable to check his email on a regular basis. Id. Defendant thereafter solicited, without Mr. Hodge's permission, confidential medical information from his physician. Id.

While out on leave, Mr. Hodge inquired at the Flight Attendant Service Center if he needed to leave a contact number and was told it was unnecessary. Id. at 13. Although Hsu claims that she made several attempts to reach Mr. Hodge by telephone during his leave, Hsu's attempted calls were made to Mr. Hodge's residence in Hong Kong, while Mr. Hodge was in Washington, D.C. Mr. Hodge first became aware that Ms. Hsu was attempting to reach him on or about January 11, 2005 when he was notified by his father in New York that a FedEx package had arrived from the Defendant containing a Letter of Charge. Id. After retrieving the package, Mr. Hodge faxed the requested medical documents to company management on January 12 and 18, 2005. Id. In February 2005, Mr. Hodge filed an internal complaint a race discrimination against United Airlines. Id.

On February 18, 2005, management conducted a hearing, charging Mr. Hodge with unauthorized absence from work, invalid sick leave, and failure to comply with a written directive. Id. at 14. Mr. Hodge was terminated on March 10, 2005. At the same time Mr. Hodge was issued charges by United, a similarly situated Caucasian male employee was absent from work without leave. Id. Unlike the Caucasian colleague who was took unauthorized leave and was given an opportunity to address and resolve charges before proceeding to a hearing, Mr. Hodge was terminated immediately on March 10, 2005 without the same process afforded the Caucasian employee. Id.

Mr. Hodge filed a charge of discrimination with the EEOC On November 23, 2005.  Ex. A.   The EEOC issued a finding of probable cause to believe that United discriminated against Mr. Hodge on the basis of his race.  Ex. B. After efforts at conciliation failed, the EEOC issued to Mr. Hodge a Notice of  Right to Sue, dated May 29, 2007, and advised him of his right to file suit within 90 days.

Mr. Hodge filed suit in the U.S. District Court within 90 days of receipt of the right to sue letter.    On November 13, 2007, United Airlines requested an extension of time to file a response to the complaint, and Mr. Hodge consented to this request.  United Airlines filed an unopposed motion for extension of time to file a response to the complaint and the motion was granted by the court.   On November 30, 2007, United Airlines filed a motion to dismiss the complaint.  Mr. Hodge's  opposition was due on December 14, 2007.  On December 14, 2007, Mr. Hodge's counsel advised counsel for United Airlines that that he would seek an extension until January 4, 2008 to file an opposition to the motion.  Counsel for United Airlines consented to the motion and Plaintiff's counsel prepared and proceeded to file a consent motion for extension of time to file the opposition.  Plaintiff's counsel believed that the motion was filed because it was saved in PDF and counsel filed another motion in the district court in another matter on the day the motion was filed, so there would not have been any reason not to file the motion.  The motion did not appear on the court's ECF system on December 14, 2007, or thereafter.

On January 2, 2008, Hodge's counsel again spoke to Defendant's counsel and advised him that Plaintiff's counsel had to seek medical attention over the holidays for a virus and when counsel returned to the office on January 2, 2008, he learned that his

computer network had crashed and had to be replaced, and requested an additional week to file the opposition to the motion to dismiss. United's counsel consented to this request as well.

On January 4, 2008, the district court issued an order granting United Airlines motion to dismiss as conceded and dismissing the complaint. The Court's January 4, 2008 Order stated: "Plaintiff's Opposition to Defendant's Motion to Dismiss was due December 11, 2007, but no response was filed and no extensions were requested. Accordingly, the Court shall treat Defendant's Motion to Dismiss as conceded. This case is hereby dismissed in its entirety. Signed by Judge Colleen Kollar-Kotelly on January 4, 2008."

On January 4, 2008, Mr. Hodge filed a motion to vacate order of dismissal and requested that the court reinstate the complaint. Counsel explained that he was almost certain the consent motion for an extension was filed, and attached a copy of the motion, which had been saved in PDF on December 14, 2007 for filing, and stated that there would not have been any reason for it not to be filed, and Counsel had contacted the Clerk's office to find out if there is any record of the consent motion being filed and was waiting a response.

On January 18, 2008, the court denied the motion to vacate. Plaintiff filed a motion for reconsideration, advising the court that the dismissal without prejudice could have the same effect of dismissal with prejudice for a time sensitive Title VII complaint. This argument was made because Plaintiff anticipated that if the complaint was dismissed without prejudice and later refiled, the Defendant would argue that a refiled complaint was time barred. The district court denied the motion for reconsideration.

**Argument**

<u>Standard of Review</u>

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), all the properly pled allegations of the complaint are taken as true and all facts are construed in the light most favorable to the plaintiff. <u>See</u> FRCP Rule 12(b)(6); <u>Domen v. National Rehab. Hospital</u>, 925 F. Supp. 830, 837 (D.D.C. 1996).  "Dismissal for failure to state a claim is proper [only] where `it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).      The Supreme Court has made clear that it is inappropriate to require a plaintiff to plead facts which he may not need to succeed on the merits of the claim.  <u>See Swierkiewicz v. Sonoma</u>, 535 U.S. 506 (2002) (holding that plaintiff need not plead facts establishing a prima facie case of employment discrimination, in part because it would be "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered").

<u>A.      Mr. Hodge Exhausted his Administrative Remedies</u>

Defendant first claims that Count I must be dismissed because Mr. Hodge **failed to allege** that he exhausted his administrative remedies.  This argument should be rejected because Mr. Hodge is only required to plead "a short and plan statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a).  Further, Mr. Hodge exhausted his administrative remedies by filing with the EEOC, receiving a finding of probable cause that the Defendant discriminated against him, and receiving a Right to

Sue letter from the EEOC.  Ex. A and B.  Defendant has included the Notice of Right to Sue as one of its exhibits.

B.      Mr. Hodge Filed his Administrative Claims with the EEOC in a Timely Manner

Defendant next argues that Mr. Hodge failed to file his Charge of Discrimination and retaliation within the time frame required by law.  Defendant claims that Mr. Hodge was required to file claims with the EEOC either 180 or 300 days  of the latest date of discrimination.  Relying on the date Mr. Hodge signed his Charge of Discrimination-- January 6, 2006, Defendant erroneously asserts that he was required to file the charge by January 4, 2006. Defendant contends that Mr. Hodge's Title VII claims are time barred and should be dismissed for failure to exhaust administrative remedies.

Mr. Hodge's Charge of Discrimination was timely.  First, Mr. Hodge was required to file his Charge of Discrimination within 300 days.  The EEOC Questionaire confirms that Mr. Hodge had 300 days to file his charge, and the charge was filed on November 23, 2005, in a timely manner.  There is no basis for Defendant's argument that a charge of discrimination is not filed until a complainant signs the charge of discrimination.  A complainant has no control over when the EEOC completes a Charge of Discrimination and presents it to the complaining party. Further, the EEOC accepted the charge, conducted an investigation and issued a decision that there was probable cause to believe United discriminated against Mr. Hodge.  Defendant's argument here is baseless.

C. Mr. Hodge Filed a Complaint in Court within 90 days of Receiving the Right to Sue

Defendant next argues that Mr. Hodge's Title VII claims are barred by the 90 day statute of limitations because Mr. Hodge was issued the Notice of Right to Sue on May

29, 2007 and did not file this lawsuit until February 12, 2008. According to the Defendant, dismissal of Mr. Hodge's original lawsuit without prejudice did not toll the 90 statute of limitation, and if the statute of limitation has run, the dismissal is effective with prejudice.

It is not disputed that Mr. Hodge filed his complaint in court within 90 days of receipt of the Right to Sue letter. The district court dismissed the first complaint and specifically indicated the dismissal would operate without prejudice. At the time of the dismissal in a motion to reconsider denial of a motion to vacate, Plaintiff advised the court that there could be an issue with the timeliness of a newly filed complaint because of the requirement that the complaint be filed within 90 days of receipt of the right to sue letter. The district court intended the first complaint to be dismissed without prejudice. Plaintiff should not be barred from bringing his Title VII claims, when the EEOC found probable cause to believe he was subjected to discrimination; he filed a complaint in court within 90 days of receipt of a right to sue letter; Defendant consented to an extension of time for Plaintiff to oppose a motion to dismiss; and the district court dismissed the prior complaint without prejudice.

### D. Mr. Hodge's FMLA Claim is Timely

Defendant argues that Mr. Hodge's FMLA claim is untimely and should not be dismissed because it was not filed within two years of March 10, 2005. Defendant acknowledges that a claim alleging a "willful" violation of the FMLA may be field within three years of the violation. Here, Mr. Hodge stated a willful violation of the FMLA. Specifically, Mr. Hodge alleged that "In violation of FMLA, Defendant knowingly and intentionally rejected or refused to accept a request for leave for medical

attention and ultimately terminated Mr. Hodge's employment.   In addition, Defendant's doctor contacted Hodge's doctor without Hodge's consent to obtain information about his medical condition." Amended Complaint at 24.  The three year statute of limitations applies to Mr. Hodge's FMLA and his claim here is timely.

E. Mr. Hodge's Wrongful Discharge Claim and Breach of Contract Claims are not Preempted by Federal Law

Finally, Defendant maintains that Mr. Hodge's wrongful discharge and breach of contract claims allege a denial of due process rights under the collective bargaining agreement and is preempted by federal law.

For the Wrongful Discharge claim, Mr. Hodge alleged that "United Airlines was a private employer and subject to the laws and public policy of the District of Columbia. At all pertinent times, Hodge was an employee entitled to protection against termination in violation of the public policies of the District of Columbia.  In the District of Columbia, court and statutory authority establish as public policy that employers are prohibited from terminating employees because of their race and because they take emergency medical leave for a serious medical condition." Amended Complaint at 27.

Mr. Hodge is not alleging a violation of due process rights under the collective bargaining agreement as the sole basis for this claim.  He is alleging a violation of the public policy of the District of Columbia.  The District of Columbia Court of Appeals has recognized a claim of wrongful discharge based on a violation of public policy. See Fingerhut v. Children's National Medical Center, 738 A.2d 799 (D.C. 1999)(court reversed the dismissal of a wrongful discharge complaint based on a report of a violation of District of Columbia law).  See also  Carl v. Children's Hosp., 702 A.2d 159 (D.C.

1997) (en banc)(wrongful discharge claim based on allegation of termination of an employee because she testified before the City Council).

Mr. Hodge has also established the factual and legal basis for a breach of implied contract claim.  Here, Mr. Hodge alleged that he had an implied employment contract with United Airlines.  He alleged at paragraph 29 of the Amended Complaint that: "Hodge was employed with United Airlines through an express or implied employment contract.  Under this employment contract, United Airlines established a non-discrimination policy and equal treatment of employees and a disciplinary and grievance process which requires notice and an opportunity to be heard on grievances before issuance of a final decision.  At the time of his termination, Hodge was a permanent employee.  Even though there was not lawful cause to dismiss Hodge, his job termination was summary and without proper process due him."

United Airlines was limited in the manner in which it could terminate Mr. Hodge's employment, and United breached the implied employment contract.   See Strauss v. Kaiser Found. Health Plan, 744 A.2d 1000, 1011 (D.C. 2000) (implied contract between employee and employer when personnel manual requires certain procedures to be followed before termination of employee.)  Under District of Columbia law, absent express language indicating particular terms or duration of employment, the employment relationship is presumed to be at-will.  See Carter v. George Washington Univ., 180 F.Supp. 2d 97, 109 (D.D.C. 2001) (citing Sisco v. Gen. Servs. Admin., 689 A.2d 52, 53 (D.C. 1997). This presumption applies unless the parties "state clearly their intention to limit the employer's right to terminate."  See Taylor v. Wash. Metro. Area Transit Auth., 922 F. Supp. 665, 674 (D.D.C. 1996).  A clearly stated intention may include a contract

provision setting out employment for a fixed term or language that allows termination

only for cause.  See Hodge v. Evans Fin. Corp., 707 F.2d 1566 (D.C. Cir. 1983)

(emphasis added); see generally Daisley v. Riggs Bank, N.A. et al., Civil Action 03-

01820 (HHK) Mem. Op. May 31, 2005.  Mr. Hodge's breach of implied contract claim is

not preempted by federal law, or at a minimum, that determination can not be made in a

Rule 12(b)6 motion to dismiss.

Conclusion

For the foregoing reasons, the motion to dismiss should be denied.

Respectfully submitted,

/s/ David A. Branch

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805 phone
(202) 785-0289 fax

**Certificate of Service**

I hereby certify this 28th day of July 2008 that a copy of the foregoing Opposition

to Motion to Dismiss was sent via electronic mail to counsel for the Defendant at the

address listed below:

Michael A. Viccora
Seyfarth Shaw LLP
815 Connecticut Ave., N.W.,
Suite 500, Washington, D.C. 20006
Phone: (202) 828-3573
Fax: (202) 641-9273

/s/
_____

David A. Branch

Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

# YOU MAY FILE A CHARGE

Sometimes we cannot tell whether what happened to you is something that we should investigate. We may ask you to get additional information or wait until it is clear as to what has happened and then to return to our office.

Regardless of what we believe, you may file a charge with us. This is your decision to make. If you file a charge under these circumstances, we may still dismiss your charge because we have no authority to investigate or because we believe that no violation of the law has occurred. Filing a charge gives you an independent right to sue the organization. Whether you would win your lawsuit would be a matter for the court to determine.

My signature acknowledges that I have read the INFORMATION ON EMPLOYMENT DISCRIMINATION / YOU MAY FILE A CHARGE.

Signature: _____     Date: 11-23-05

DEC-03-2005 11:36 AM HODGE 202 882 8044 P.02

Telephone 12/7/00 9:30 AM EST

# CHARGE QUESTIONNAIRE

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

210-2006-01291

You must completely fill out this form and sign the last page.

The Commission will then determine if it has the right under the law to investigate your employment claim.

Whether you complete this form in our office or mail it to the EEOC, it must be received by the Commission within 300 days of the date of the alleged discrimination.

(Please Print)

DATE 11-23-05

NAME MALIK (First) (Middle Name or Initial) HODGE (Last)

ADDRESS 6125 KIRL NE

CITY WASHINGTON STATE DC ZIP 20011 COUNTY ▇▇▇▇

HOME TELEPHONE NUMBER (202) 882-8044 DAYTIME TELEPHONE NUMBER (917) 549-3876

SOCIAL SECURITY NUMBER 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 SEX M RACE AFRICAN AMERICAN CURRENT AGE 36

DATE OF BIRTH 11-2-69

Please provide the name of an individual at a different address who is always able to reach you.

NAME LEONIRE DAVENPORT TELEPHONE NUMBER (202) 388-8639

ADDRESS 21012 +th ST NE CITY WASH STATE DC ZIP 20001

Type of organization that you believe discriminated against you.

___ Private Company ___ State Government ___ County Government ___ City Government

Educational Institution: ___ Private ___ Public ___ Employment Agency ___ Union

What is the nature of the organization's business? TRAVEL

Provide the full name of the organization that you believe discriminated against you. Provide the address and telephone number of the location where the alleged discrimination occurred.

NAME OF ORGANIZATION UNITED AIRLINES

ADDRESS 1200 E. ALGONQUIN RD

CITY ELKGROVE TOWNSHIP STATE IL ZIP 60007 COUNTY

TELEPHONE NUMBER (847) 700-4000 TOTAL number of employees 50K PLUS

If you are, or have been, employed by the organization provide the following information.

Job Title FLIGHT ATTENDANT Dates of Employment: From FEB 95 To MARCH '05 Name of Supervisor ANN HSU

Present or last salary 46K+ Department ONBOARD SERVICE

## ISSUE AND BASIS

Examples of some common issues (action taken): Discharge; Layoff; Harassment; Transfer; Unequal Pay; Demotion; Job Eliminated; Failure to Recall; Failure to Hire; Failure to Accommodate (Disability and Religion Only); Unequal Terms and Conditions; Failure to Promote, etc.

Date of Action 3-10-05

Issue/Action taken DISCHARGE

Basis/type of discrimination: (Circle each appropriate basis (es)) (Race Color) Sex Religion National Origin Age Disability Equal Pay Other

Reason given for action VIOLATION OF ARTICLE 8th: FALSELY CLAIMING SICK

Explain why you feel the action taken against you was discriminatory SOMEONE (WHITE MALE) SITUATION

DEC-07-2005 11:37 AM  ___  ___ 82 8044  P. 03

Continuation from page 1  ISSUE AND BASIS

Date of Action 3-10-05

Issue/Action taken  SEPERATION

Basis/type of discrimination: (Race) (Color) Sex Religion National Origin Age (Disability) Equal Pay (Other)
Circle each appropriate basis(es)

Reason given for action  FASLELY CLAIM SICK (ARTICLE #L)

Explain why you feel the action taken against you was discriminatory SOMEONE (WHITE MALE) CIRCUMSTANCES WASN'T TERMINATION IN SIMILAR ~~st~~

If you believe you were discriminated against because of a disability, state your disability. I HAD BACK PROBLEMS THAT PREVENTED ME FROM WORKING

If you believe the action taken against you occurred because you opposed unlawful discrimination, filed a discrimination charge, participated in an investigation of one of the laws enforced by EEOC or associated with someone protected by one of the laws enforced by EEOC, tell us what you did: Include dates, charge numbers and/or the name and title of the person to whom you complained of discrimination.
I WROTE A LETTER OF HARRASSMENT to HEADQUARTERS IN CHICAGO AND A MONTH LATER I WAS FIRED!

Do you have documents to support you claim of discrimination?  Yes ✓  No___

Have you filed a charge regarding this situation with the Illinois Department of Human Rights (IDHR)?

Yes___  No ✓  If yes, provide charge number _____

Have you filed a charge with EEOC before?

Yes ✓  No___  If yes, provide charge number _____

If you are represented by an attorney, please provide name, address and telephone number.
DAVID A. BRANCH P.C. 1825 CONNECTICUT AVE, NW
SUITE 690 WASH DC 20009 (202) 285-2805

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE _____  DATE NOVEMBER 22 2005

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 283. Charge Questionnaire (Rev 07/05).

2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C.§ 626, 42 U.S.C. 12117 (a)

3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it a sufficient charge of discrimination under the relevant statute(s).

4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as appropriate. Information provided on this form may be disclosed to other State/local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to charging parties in consideration of or in connection with litigation.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not necessary to use this form to provide the requested information.

S:\FORMS 2\Form283.wpd      (Rev 07/05)

9:30
phone

Pcp faxed
283 on Appt.
Lug
12/9

Bathing

K. Levin

PB2
12-7-05

MALIK HODGE            V        UNITED AIRLINES
ISSUE: D2, T2
BASIS: RB, COLOR OR

FLT ATTENDANT
SPVR: ANN HSU, CHINESE, 5 YRS.

3-10-05 | D2: FALSE CLAIMS OF BEING SICK. HAD 4.5 MON OF SICK LV ON BOOKS, BUT D2 FOR TAKING 1 SICK DAY.

STEVE PIOUS, W/M, ON-BOARD SERVICES MGR - ANN HSU'S SPVR. CHG PCP W/ FALSE SICK CLAIM.

10-20-04 | CAR ACCIDENT - ACUTE DORSAL STRAIN & CERVICAL STRAIN.

10-25-04 | DIAG W/ CONTUSSION. NO TIME OFF B/C OF ACCIDENT.

RESULT OF ACCIDENT: ONGOING TREATMENT

→ TO MED LV    → TOLD PCP TO CONTACT R WHEN HE WILL RTW → SEE ONBOARD SERV OR

12-23-04 | CALLED IN SICK, SPOKE W/ FRANCINE DONLEY, FLT ATTENDANT. GAVE INFO OF TAKING OFF B/C OF PAIN. PCP OFFERED TO GIVE CONTACT #, FRANCINE SAID IT WOULD NOT BE NECESSARY.

IN AROUND | NOT CLEAR IF FRANCINE ASKED FOR CONTACT #.
2-8-05 '05 | ER SHOULD HAVE RTW, BUT NOT ALLOWED B/F ATTENDING RTW HEARING.

2-18-05 | "  CONDUCTED: PCP ACCUSED OF FAKING SICKNESS.
GREG BROWN, STAFF REP ON-BD LABOR SUPP, W/M.
IS CALLED "TERMINATOR", ALWAYS CALLED IN WHEN R WANTS TO FIRE FLT ATTENDANT. HAS FIRED MANY



✱ PCP ON COMPANY SICK LIST UNTIL HE RPTS OFF OF LIST TO
RTW.

3-10-05  PCP LTR OF DECISION FR BROWN: TERM. DATE OF LTR.

ROB BRUNNE, W/M, FLT ATTENDANT — HAS POOR PERF BKGD: DRUGS,
ALCOHOL, POOR ATTENDANCE. INJURED EARLY '05 (2/3 '05)— MED
LV TO APPROX 8/05. ~~INVES~~ DID NOT CALL OFF SICK TO GO ON LIST.
MISSED A FLT, WAS INVES., PLACED ON SUSP FOR DURATION OF INVES.
RTW APPROX 8/05.

                    ↗ BASED ON RACIAL DISCRIM
2-3-05  PCP COMPL OF H1 & CHGS AGAINST HIM TO HR- TOM
CAMPUZONO (ATTY).

MGR, EEO COMPLIANCE
UNITED AIRLINES - WHQHR
P.O. BOX 66100
CHICAGO, IL 60666

Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

Charge Number 210-2006-01291

Malik Hodge
6125 1st Place N.E.                                    Charging Party
Washington, D.C. 20011

v.

United Airlines
1200 East Algonquin Road
Elk Grove Village, Illinois 60007                      Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent is an employer within the meaning of Title VII, and all requirements for coverage have been met.

The Charging Party alleged that he was discriminated against because of his race, Black, in that he was falsely accused of placing himself on the sick list and after he complained of race discrimination, he was discharged, in violation of Title VII.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that the Respondent discriminated against the Charging Party because of his race, Black, and retaliated against him for complaining of discrimination by discharging him, in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 C.F.R. Part 1601.26).

Charge Number 210-2006-01291
Page Two

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission:

1/10/07
Date

John P. Rowe
District Director